**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ASHLEY G. BROASTER, | ) | No. C 06-05312 JW (PR) |
| Petitioner, | ) | ORDER TO SHOW CAUSE |
| vs. | ) | |
| BEN CURRY, Warden, | ) | |
| Respondent. | ) | |

Petitioner, a prisoner at Salinas Valley State Prison, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the Board of Prison Terms' finding that he was unsuitable for parole. The petition was originally filed in the Central District of California, and was thereafter transferred to this court. Petitioner has paid the filing fee.

**BACKGROUND**

In 1977, petitioner was convicted by a jury in the Superior Court of the State of California in and for the County of Los Angeles of kidnapping, rape, robbery and forcible oral copulation. He was sentenced to seven years to life in state prison. In

2005, the Board of Prison Terms ("BPT") found him to be unsuitable for parole. He challenged the BPT's decision by way of habeas corpus petitions filed in all three levels of the California courts, which petitions were denied. Thereafter, petitioner filed the instant federal habeas corpus petition on August 15, 2006.

## DISCUSSION

A.  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Federal courts have a duty to construe pro se petitions for a writ of habeas corpus liberally. Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001).

B.  Claims

Petitioner alleges that the BPT's decision was arbitrary and capricious, in violation of petitioner's right to due process, and that it violated state liberty interest protected by due process. Liberally construed, petitioner's claims are cognizable. Accordingly, respondent is directed to SHOW CAUSE why the petition should not be granted.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1.  The clerk of the court shall serve by certified mail a copy of this order and the petition and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a

Order to Show Cause
N:\Pro - Se\7.27.2007\06-5312 Broaster05312_osc.wpd         2

copy of this order on the petitioner at his most current address.

2. Respondent shall file with this court and serve upon petitioner, no later than **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent no later than **forty-five (45) days** of his receipt of the answer. Should petitioner fail to do so, the petition will be deemed submitted and ready for decision **forty-five (45) days** after the date petitioner is served with respondent's answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition to the motion no later than **forty-five (45) days** of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply no later than **fifteen (15) days** of receipt of any opposition.

4. It is petitioner's responsibility to prosecute this case. Petitioner must keep the court informed of any change of address by filing a separate paper with the clerk of the court headed "NOTICE OF CHANGE OF ADDRESS," and comply with any orders of the court within the time allowed or ask for an extension of that time. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). See Martinez v. Johnson, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

5. Petitioner is reminded that all communications with the court, whether by way of formal legal motions or informal letters, must be served on respondent by

mailing a true copy of the document to respondent's counsel.

DATED: July 19, 2007

*/s/ James Ware*
JAMES WARE
United States District Judge